## SOUTHERN MUSIC PUB. CO., Inc., et al. v. BIBO–LANG, Inc., et al.

District Court, S. D. New York.
May 17, 1935.

Julian T. Abeles, of New York City, for the motion.

Arthur L. Fishbein, of New York City, opposed.

WOOLSEY, District Judge.

The motion to dismiss the complaint is in all respects denied.

I. On August 17, 1934, I granted a motion made on behalf of the following defendants herein, George F. Briegel, Inc., De Sylva, Brown and Henderson, Inc., Edward B. Marks Music Corporation, Paull-Pioneer Music Corporation, Robbins Music Corporation, Sam Fox and Harry Fox, copartners doing business under the firm name and style of Sam Fox Publishing Company, Hugo Frey and Carson

J. Robinson, to dismiss the complaint herein, but gave leave to amend.

My memorandum, which was filed on August 18, 1934, read as follows:

"Within motion to dismiss is granted, but the dismissal will not be on the merits, but with leave to the complainants to amend the complaint (1) so as to allege the facts with regard to the copyrighting of the complainants' work and to cover the facts regarding the devolution of title of the copyright thereof to the complainant in order that said facts may be brought in issue by the defendants, if they are so advised, and (2) in any other respect or respects the complainant may be advised.

"Amended complaint to be filed and served within 30 days from service of the order herein on the complainants' attorney with notice of its entry in this court.

"The question of misjoinder, not having been argued, is not dealt with in any way. Settle order on notice."

I thought that I had so worded my memorandum as to make it clear that I was dealing entirely with matters of form and not in any way with the plaintiffs' locus standi or with the substance of their claim.

On September 26, 1934, an amended complaint remedying the formal defects I mentioned was duly filed, and thereafter a new motion was made on behalf of the defendants above named to dismiss the complaint on the ground that the bill of complaint did not state facts sufficient to constitute a cause of action in the plaintiffs against the defendants in whose behalf the motion was brought.

This motion came on before Judge Knox, and he denied it in a memorandum dated December 6, 1934, which reads as follows:

"The matters upon which the moving papers request a dismissal of the complaint was brought before Judge Woolsey upon a similar motion previously made. They go to the right of plaintiffs to maintain the bill upon the state of the law. While Judge Woolsey required plaintiffs to amend their complaint in several respects—which they have done—he was careful in his memorandum decision to say that the dismissal, which he directed with leave to amend, was not to be upon the merits. I shall not assume that he failed to consider the points raised by defendants, and which go to the vitals of the complaint. For such reason, I decline to pass upon the same points advanced before me. The motion is denied."

Judge Knox apparently assumed that my memorandum of August 17, 1934, dismissing the complaint with leave to amend, made the law of the case, and did not merely prescribe the form of the complaint as I had intended it to do.

On January 16, 1935, Judge Knox, at the request of the same defendants, granted an order to show cause why there should not in effect be a reargument of the motion decided by him on December 6, 1934, and why that reargument should not be referred to me.

On March 5, 1935, Judge Patterson, before whom Judge Knox' order to show cause came on for hearing on the motion calendar, referred it to Judge Knox as involving a reargument of a matter before him, and Judge Knox in turn, with my consent and the consent of counsel for both parties, has referred it to me.

■ II. It seems to me that the moving defendants have assumed a far too technical position in their contention that the original copyright granted in this case was not valid. The Copyright Laws should be liberally construed and the administrative acts of the Register of Copyrights should be so construed, if reasonably possible, as to carry out the intention of the Constitution to protect and encourage creative artists in their work. Cf. Werckmeister v. American Lithographic Company et al. (C. C.) 142 F. 827, 831, affirmed in open court 148 F. 1022 (C. C. A. 2).

■ A. On February 27, 1905, application was made by Balmer & Weber Music House Company, described as having a legal residence in St. Louis, Mo., hereinafter called Balmer & Weber, for a musical copyright of the words and music of a song, described as a ballad and named "An Arizona Home." This application was accompanied by two copies of the music sheet of the song. This music sheet had noted on it "Words by William Goodwin" and "Music by Mrs. W. M. Goodwin."

In the application for copyright of the song, Mrs. Goodwin is described as of Tempe, Ariz., and is stated to be of American nationality. If the nationality of the authors was material when the appli-

cant for copyright was a company or corporation of an American state or an American citizen, it might be observed that under the law as it then stood the wife on marriage took the same nationality of her husband, and consequently, if Mrs. Goodwin was of American nationality, Mr. Goodwin necessarily was also an American citizen.

Inasmuch as the copyright was granted to Balmer & Weber as a company with a legal residence in St. Louis, Mo., I do not see the relevancy of the defendants' contentions with regard to section 13 of the Copyright Act of March 3, 1891, 26 Stat. 1106, which was in force at the time of the aforesaid application, and which provided that the Copyright Act should not apply to a citizen or subject of a foreign state or nation unless reciprocal rights were granted by his sovereign.

Certainly, after the copyright was granted to a company legally resident in Missouri, it would put on any one challenging the validity of the copyright the burden of establishing that such grant of copyright was undermined by reason of the fact that Mr. Goodwin was not stated in the application to be of American nationality. Consequently, the defendants' contention would be a matter for defense and not a ground for demurrer or for a motion to dismiss—its present day equivalent.

It seems to me, therefore, that on this motion, whereby the facts are admitted, there is not any question but that the original copyright must be held valid as granted to Balmer & Weber for a musical composition of which Mr. and Mrs. Goodwin were the joint authors.

■ B. On the music sheet there was also a notation: "Copyright MCMIV by Balmer & Weber Music House Company."

This antedating of the copyright in the notice of copyright I hold to be a venial error which did not affect the validity of the copyright but merely shortened the duration of the copyright period, and was therefore a mistake in favor of the public. Callaghan v. Myers, 128 U. S. 617, 657, 9 S. Ct. 177, 32 L. Ed. 547; American Code Company, Inc., v. Bensinger et al., 282 F. 829, 836 (C. C. A. 2). The only result of this antedating of the notice was, consequently, that the copyright period of "An Arizona Home" would have expired, unless renewed, on the 31st of December, 1932.

Of course, if there was publication of "An Arizona Home" before the date when the copyright was granted, that fact may be put in issue by the defendants.

■ C. The subsequent history of the copyright in so far as here pertinent is as follows:

On April 3, 1905, Balmer & Weber assigned to William M. Goodwin, one of the coauthors of the musical composition, the copyright which they had secured. Mr. Goodwin, however, did not record this assignment in the Copyright Office until January 22, 1931.

On October 18, 1932, Mr. Goodwin, as one of the joint authors of the musical composition, applied for and secured a renewal of the copyright. Because Mr. Goodwin was one of the coauthors of the musical composition, the renewal of the copyright was properly granted on his application under the provisions of the present Copyright Act, title 17 United States Code, § 24 (17 USCA § 24). Silverman v. Sunrise Pictures Corp., 273 F. 909, 914, 19 A. L. R. 289 (C. C. A. 2).

On December 6, 1932, Mr. Goodwin assigned this renewed copyright to the Southern Music Publishing Company, one of the plaintiffs herein.

■ III. It appears, therefore, on the face of the papers before me that there was a valid copyright granted on February 27, 1905, for "An Arizona Home," and that the plaintiffs by its renewal and assignment thereof have a locus standi in this cause. Therefore the motion to dismiss must fail.

Settle order on notice.